1  **MAYALL HURLEY P.C.**
   **ROBERT J. WASSERMAN (SBN: 258538)**
2  **rwasserman@mayallaw.com**
   **WILLIAM J. GORHAM (SBN: 151773)**
3  **wgorham@mayallaw.com**
   **NICHOLAS J. SCARDIGLI (SBN: 249947)**
4  **nscardigli@mayallaw.com**
   **VLADIMIR J. KOZINA (SBN: 284645)**
5  **vjkozina@mayallaw.com**
   **2453 Grand Canal Boulevard**
6  **Stockton, California 95207-8253**
   **Telephone: (209) 477-3833**
7  **Facsimile: (209) 473-4818**
8

9  **Attorneys for Plaintiff Angelo Kalaveras and the Putative Class**

10                **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| **ANGELO KALAVERAS, an individual,** | **Case No.:** |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTI** |
| **vs.** | 1. **FAILURE TO PAY OVERTIME** |
| **BURROUGHS, INC.; and DOES 1-100, inclusive,** | 2. **FAILURE TO PAY ALL WAGES DUE UPON CESSATION OF EMPLOYMENT** |
| **Defendants.** | 3. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
| | **JURY TRIAL DEMANDED** |

        Plaintiff Angelo Kalaveras this class and collective action against Burroughs, Inc. and Does 1

through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the

Business and Professions Code.

/ / /

/ / /

/ / /

                    **PARTIES**

28

1.      Angelo Kalaveras ("Mr. Kalaveras" or "Plaintiff") is and at all times relevant herein was employed in Sonoma County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.      Burroughs, Inc. is Michigan corporation which does business in California and throughout the United States.

3.      At all times relevant herein, Burroughs, Inc. has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

4.      Burroughs, Inc. and Does 1-100 are collectively referred to as Defendants.

5.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

1

**JURISDICTION AND VENUE**

2     7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29

3   U.S.C. § 216(b).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful

4   acts alleged herein took place in Sonoma County, California and Plaintiff's place of employment with

5   Defendants was within this District.  Plaintiff hereby demands a jury trial.

6

**GENERAL ALLEGATIONS**

7     8.     Mr. Kalaveras was hired by Burroughs, Inc. as a Field Engineer on July 25, 2016.

8   **Exhibit 1**. [1]

9     9.     Burroughs, Inc. was Mr. Kalaveras' employer from July 25, 2016 through April 26,

10  2018.

11     10.    The policies, practices, and procedures provided to Mr. Kalaveras when he was hired

12  identify his employer as Burroughs, Inc.  See e.g., **Exhibit 2** and **3**.

13     11.    The IRS Form W-2s furnished to Mr. Kalaveras in 2016 and 2017 similarly identify

14  his employer as Burroughs, Inc.  See **Exhibit 4** and **5**, respectively.

15     12.    Throughout his employment, however, Mr. Kalaveras was furnished itemized wage

16  statements which incorrectly showed the name of his employer name as "Burroughs Payment

17  Systems Inc." **Exhibit 6.**

18     13.    Labor Code section 226(a)(8) requires that an employee must be issued an accurate

19  itemized wage statement in writing that shows the name and address of the legal entity that is the

20  employer.

21     14.    It is not possible, from the furnished wage statements alone, to determine which legal

22  entity was Mr. Mr. Kalaveras' employer.

23     15.    Throughout his employment, Mr. Kalaveras' was an hourly, non-exempt employee.

24  As such, he eligible for and at times worked overtime.

25

---

26  [1] Exhibits 1 – 8 are incorporated by this reference as though fully set forth herein.  Some Exhibits

27  have been reduced and/or redacted due to their size and content.

28  

16.    Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt employees were also eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation (such as shift differentials).  See **Exhibit 7**.

17.    Throughout his employment, however, Burroughs, Inc. failed to properly calculate and pay the overtime wages owed to Mr. Kalaveras and its other hourly, non-exempt employees.

18.    Specifically, Burroughs, Inc. failed to include commissions, non-discretionary bonuses and other items of compensation when determining Mr. Kalaveras' and its other hourly, non-exempt employees' "regular rate of pay" for purposes of overtime.

19.    For example, during the pay period of December 31, 2017 through January 13, 2018, Mr. Kalaveras received a shift differential of $3.96.  See **Exhibit 6**.

20.    Pursuant to their uniform policy and practice, Burroughs, Inc. failed to include Mr. Kalaveras' shift differential when calculating his regular rate of pay and underpaid him.  *Id*.

21.    Instead, Burroughs, Inc. utilized only Mr. Kalaveras' base hourly rate and multiplied it by 1.5 or 2.0, as appropriate.  See *Id*.

22.    Similarly, during the pay period of January 28, 2018 through February 10, 2018, Mr. Kalaveras received a combined shift differential of $28.63.  See **Exhibit 8**.

23.    Pursuant to their uniform policy and practice, Burroughs, Inc. failed to include Mr. Kalaveras' shift differential when calculating his regular rate of pay and underpaid him.  *Id*.

24.    Instead, Burroughs, Inc. again utilized only Mr. Kalaveras' base hourly rate and multiplied it by 1.5 or 2.0, as appropriate.  See *Id*.

25.    Further, during the pay period of February 11, 2018 through February 24, 2018, Mr. Kalaveras received a combined shift differential of $27.61.  See **Exhibit 9**.

26.    Pursuant to their uniform policy and practice, Burroughs, Inc. failed to include Mr. Kalaveras' shift differential when calculating his regular rate of pay and underpaid him.  *Id*.

27.    Instead, Burroughs, Inc. again utilized only Mr. Kalaveras' base hourly rate and multiplied it by 1.5 or 2.0, as appropriate.  See *Id*.

28.     Consequently, Mr. Kalaveras and all of Burroughs, Inc.'s other hourly, non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation (including shift differentials) aside from their base hourly rate, and who worked overtime were not adequately paid for all of the overtime they worked.

29.     When his employment ended, Burroughs, Inc. issued Mr. Kalaveras his final paycheck.  However, this payment did not include the balance of unpaid overtime, adjusting the regular rate to incorporate the commissions, nondiscretionary bonuses, and other forms of remuneration paid to Mr. Kalaveras.

30.     To date, Burroughs, Inc. has not paid those unpaid wages.

31.     Because Mr. Kalaveras and Burroughs, Inc.'s other former hourly, non-exempt California employees, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, were not properly paid their overtime wages, they were also not timely paid all wages due and owing to them at the end of their employment.

32.     Because of the violations set forth above, and as evidenced in the samples of Mr. Kalaveras' wage statements attached hereto as **Exhibits 6**, **8**, and **9**, the wage statements furnished by Burroughs, Inc. to their California employees violated California Labor Code section 226(a) insofar as they failed to accurately show the name of the legal entity that is the employer, in violation of section 226(a)(8).

33.     Because of the violations set forth above, and as evidenced in the samples of Mr. Kalaveras' wage statements attached hereto as **Exhibits 6**, **8**, and **9**, the wage statements furnished by Burroughs, Inc. to their hourly, non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

        a.    The gross wages earned, in violation of section 226(a)(1);
        b.    The net wages earned, in violation of section 226(a)(5);
        c.    The name of the legal entity that is the employer, in violation of section 226(a)(8); and

d.      All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

34.     Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

35.     Defendants have, at all times relevant herein, furnished wage statements to each of its California employees pursuant to an established set of policies, procedures and practices.

36.     Mr. Kalaveras and Defendants' other California employees, both current and former, have suffered injury as a result of Defendants' knowing and intentional failure to comply with California Labor Code section 226(a).

37.     Mr. Kalaveras and Burroughs, Inc.'s other California employees, both current and former, irrespective of how they were paid, have suffered injury as a result of Burroughs, Inc.'s knowing and intentional failure to furnish wage statements accurately showing the name of the legal entity that is the employer, in violation of section 226(a)(8).

38.     Mr. Kalaveras and Burroughs, Inc.'s other California employees, both current and former, irrespective of how they were paid, were unable to promptly and easily determine the name of the legal entity that is the employer from the wage statements furnished by Burroughs, Inc.

39.     As set forth above, Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, and non-discretionary bonuses, did not have the value of those other kinds of remuneration incorporated into their "regular rate" for purposes of calculating their overtime rate.

40.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Burroughs, Inc.

41.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, have suffered injury as a result of Burroughs, Inc.'s knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

42.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Burroughs, Inc.

43.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, have suffered injury as a result of Burroughs, Inc.'s knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

44.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Burroughs, Inc.

45.     Mr. Kalaveras and Burroughs, Inc.'s other hourly, non-exempt California employees, both current and former, who also earned other kinds of remuneration, including but not limited to commissions, non-discretionary bonuses and/or other items of compensation, have suffered injury as a result of Burroughs, Inc.'s knowing and intentional failure to furnish wage statements accurately

1   showing all applicable hourly rates in effect during the pay period and the corresponding number of

2   hours worked at each hourly rate in violation of section 226(a)(9).

3       46.    From at least four years prior to the filing of this action, Burroughs, Inc. has adopted

4   and employed unfair business practices.  These unfair business practices include, but are not limited

5   to, failing to properly incorporate the value of other kinds of remuneration, including but not limited

6   to commissions, non-discretionary bonuses and/or other items of compensation, into the regular rate

7   of pay for purposes of calculating the applicable overtime rate, and thus failing to pay all overtime

8   wages due.

9   **COLLECTIVE ACTION ALLEGATIONS**

10       47.    Plaintiff seeks to maintain his first cause of action as an "opt-in" collective action

11   pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest)

12   and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former

13   hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses

14   and/or other items of compensation and worked overtime are similarly situated in that Defendants

15   failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiff

16   is a representative of those other current and former employees and is acting on behalf of their

17   interests as well as his own in bringing this action.  These similarly situated employees are known to

18   Defendants, are readily identifiable, and may be located through Defendants' records.  These

19   similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to

20   29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation,

21   liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

22   **CLASS ACTION ALLEGATIONS**

23       48.    Plaintiff seeks to maintain this action as a class action as to the First through Fourth

24   Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated, as

25   a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class which

26   Plaintiff seeks to represent consists of the following:

27

28

a.  All current and former hourly, non-exempt employees of Burroughs, Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from May 24, 2015 through the date of certification (the "Regular Rate Class");

b.  All current and former hourly, non-exempt California employees of Burroughs, Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from May 24, 2014 through the date of certification (the "California Regular Rate Class");

c.  All current and former hourly, non-exempt California employees of Burroughs, Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from May 24, 2015and the date of certification (the "California Waiting Time Penalty Class");

d.  All current and former California employees of Burroughs, Inc. who were issued one or more wage statements from May 24, 2017 through the date of Certification (the "California 226(a)(8) Class"); and

e.  All current and former hourly, non-exempt California employees of Burroughs, Inc. who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from May 24, 2017 through the date of certification (the "California 226(a)(1), (5) and (9) Class").

The Regular Rate Class, California Regular Rate Class, the California Waiting Time Penalty Class, California 226(a)(8) Class, and the California 226(a)(1), (5) and (9) Class are collectively referred to as the Class.

49.  The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 600 employees who satisfy the class definition.  Although the exact number and identity of class

members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

50.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

51.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants': (a) uniform miscalculation of the "regular rate of pay" of its hourly, non-exempt employees as well as the underpayments that flow therefrom; (b) systemic failure to pay all wages due and owing to its California hourly, non-exempt employees at the end of their employment; and (c) systematic violations of Labor Code section 226(a).

52.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

> a.     Whether Defendants miscalculated the "regular rate of pay" of their hourly, non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation;
>
> b.     Whether Defendants underpaid their hourly, non-exempt employees because of the miscalculation of their "regular rate of pay";
>
> c.     Whether Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime;

/ / /

/ / /

/ / /

/ / /

d.   Whether Defendants, because of their failure to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt California employees' "regular rate of pay" for purposes of overtime, failed to time pay such employees when their employment ended;

e.   Whether the wage statements Defendants furnished to their California employees (irrespective of hourly or salaried status) comply with Labor Code section 226, subdivision (8);

f.   Whether the wage statements Defendants furnished to their California hourly, non-exempt employees comply with Labor Code section 226, subdivisions (a)(1), (5), and (9);

g.   Whether the alleged violations constitute unfair business practices;

h.   Whether the Class is entitled to injunctive relief; and

i.   Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

53.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

54.   The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

55.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his

best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

56.     A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

57.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

58.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**By the Regular Rate Class and the California Regular Rate Class Against Defendants**

59.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

60.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

61.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

62.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

63.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

64.     During the relevant time period, Plaintiff and Defendants' other hourly, non-exempt employees regularly worked overtime.

65.     During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff and their hourly, non-exempt employees.

66.     During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff and their other hourly, non-exempt employees.

67.     During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and their hourly, non-exempt employees.

68.     Wherefore, Plaintiff and the other members of the Regular Rate Class and the California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due Upon Termination)**
**By the California Waiting Time Penalty Class Against Defendants**

69.     Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

70.     California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

71.     California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

72.     As set forth above, Plaintiff and the other members of the California Waiting Time Penalty Class were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

73.     Wherefore, Plaintiff and the other members of the California Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**By Plaintiff, the California 226(a)(8) Class, and the California 226(a)(1), (5) and (9) Class Against Defendants**

74.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

75.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

76.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed

the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

77.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

78.     As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

79.     Wherefore, Plaintiff, the other members of the California 226(a)(8) Class, and the other members of the California 226(a)(1), (5) and (9) Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***
**(Unfair Business Practices)**
**By Plaintiff and the California Regular Rate Class Against Defendants**

80.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

/ / /

/ / /

Class and Collective Action and Individual Complaint
Page 16 of 18

81.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate the "regular rate of pay" for its hourly, non-exempt employees, and to pay overtime accordingly.

82.     Wherefore, Plaintiff and the other members of the California Regular Rate Class and the California Waiting Time Penalty Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Fourth Causes of Action:**

1.     That this Court certify the Class;

2.     That this Court certify Plaintiff as the representative of the Class;

3.     That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

4.     That this Court award injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

5.     That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code sections 203, 226 and 1194.2;

6.     That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5, 226(e)(1), 226(h) and 1194, as well as Code of Civil Procedure section 1021.5;

7.     That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8.     That this Court award such other and further relief as the court deems just and proper.

1    **DATED:**  May 24, 2018                              **MAYALL HURLEY P.C.**

2

3                                                  By_____*/s/ Robert J. Wasserman*_____
                                                         ROBERT J. WASSERMAN
4                                                        WILLIAM J. GORHAM
                                                         NICHOLAS J. SCARDIGLI
5                                                        VLADIMIR J. KOZINA
                                                         Attorneys for Plaintiff and the Putative Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28